NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2895
_____

DERRICK LAKEITH BROWN,
Appellant

v.

UNITED STATES OF AMERICA; HARLEY G. LAPPIN,
F.B.O.P. Director; BRYAN A. BLEDSOE, Warden;
BARACK OBAMA, U.S. President;
ATTORNEY GENERAL OF THE UNITED STATES;
DAVID KUSTOFF, U.S. Attorney

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-01210)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 24, 2011

Before:  RENDELL, CHAGARES and ALDISERT, Circuit Judges

(Opinion filed: January 27, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM

Derrick Lakeith Brown, a federal prisoner proceeding pro se, appeals from the

dismissal of his habeas corpus petition filed pursuant to 28 U.S.C. § 2241, and from the

subsequent denial of his motions for reconsideration. We will affirm.

In 2007, Brown was convicted by a jury in the United States District Court for the Western District of Tennessee of selling drugs, unlawful transportation of firearms, and use of restricted ammunition. He was sentenced to 387 months of imprisonment. His conviction and sentenced were affirmed on direct appeal. In 2009, Brown filed two § 2241 petitions in the United States District Court for the Middle District of Pennsylvania. The District Court dismissed the petitions for lack of jurisdiction because Brown had not sought collateral review under 28 U.S.C. § 2255, nor had he shown that relief under § 2255 was inadequate or ineffective. We affirmed.

Brown then filed a "First Amendment Petition and Redress," alleging that he had obtained "newly-discovered evidence" of his "actual innocen[ce]." In support of his claim, Brown submitted a "Memorandum of Law Regarding Federal Jurisdiction," as well as correspondence from the Department of Justice regarding a Freedom of Information Act and Privacy Act ("FOIA/PA") request. Brown demanded to be "discharged and released." The District Court dismissed the petition, holding that an inmate, such as Brown, who attempts to challenge the validity his federal conviction, is generally limited to seeking relief pursuant to § 2255. Brown appealed. He also filed motions for reconsideration, arguing that the District Court "overlooked" an exhibit that was attached to his petition. The District Court denied the motions, noting that it had previously received and considered the exhibit, which consisted merely of the FOIA/PA

2

correspondence.  Brown filed another notice of appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291.  Our review is plenary over a district court's legal conclusions, and we apply a clearly erroneous standard to the court's factual findings.  See Rios v. Wiley, 201 F. 3d 257, 262 (3d Cir. 2000).  We review the district court's decision on a motion for reconsideration for abuse of discretion.  See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F. 3d 669, 673 (3d Cir. 1999).

A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence.  See Davis v. United States, 417 U.S. 333, 343 (1974).  A habeas petitioner can seek relief under 28 U.S.C. § 2241 only if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of [the] detention."  See 28 U.S.C. § 2255(e).  A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gate-keeping requirements of § 2255, Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam).  Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law.  See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).

3

We agree with the District Court that Brown has not demonstrated such a limitation in § 2255's scope or procedure here. Brown claims that he has presented newly discovered evidence that demonstrates his innocence. This evidence, however, consisted solely of FOIA/PA correspondence and a legal memorandum containing no factual information concerning Brown's criminal prosecution. Brown does not allege that the conduct for which he was convicted has been decriminalized. We also reject Brown's argument that the District Court failed to provide the appropriate warnings before recharacterizing his petition as being brought under § 2241. Those warnings are required only "when a court recharacterizes a pro se litigant's motion as a first § 2255 motion." Castro v. United States, 540 U.S. 375, 383 (2003). Here, the District Court properly held that Brown could not create a new remedy by labeling his challenge as a "First Amendment Petition." Finally, we discern no abuse of discretion in the denial of the motions for reconsideration, as Brown's allegations did not serve "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

For the foregoing reasons, we will affirm the judgment of the District Court.[1]

---

[1] Brown's "Motion for a Copy of the Record" is denied.