ALD-289                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1910
_____

DERRICK LAKEITH BROWN,
Appellant

v.

WARDEN BRIAN A. BLEDSOE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 12-cv-00301)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 20, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed: October 3, 2012 )
_____

OPINION
_____

PER CURIAM.

      Derrick L. Brown appeals pro se from an order of the United States District Court

for the Middle District of Pennsylvania dismissing his habeas petition filed pursuant to 28

U.S.C. § 2241.  For the following reasons, we will summarily affirm.

Brown was found guilty by a jury in the United States District Court for the Western District of Tennessee of various drug and firearms offenses. In 2008, he was sentenced to 387 months of imprisonment. His conviction and sentence were affirmed on direct appeal. Thereafter, Brown was transferred to the United States Penitentiary in Lewisburg, Pennsylvania. Brown continued to challenge his conviction and sentence, filing at least three petitions pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania. The District Court dismissed those petitions, effectively holding that Brown failed to show that the remedy provided under 28 U.S.C. § 2255 was inadequate or ineffective. See Brown v. Bledsoe, M.D. Pa. Civ. No. 09-01436 (order entered Nov. 10, 2009), affirmed, No. 09-4487, 367 F. App'x 294 (3d Cir. Feb. 22, 2010) (not precedential); Brown v. Bledsoe, M.D. Pa. Civ. No. 09-02258 (order entered Nov. 23, 2009), affirmed, No. 09-4493, 366 F. App'x 326 (3d Cir. Feb. 22, 2010) (not precedential); Brown v. United States, M.D. Pa. Civ. No. 10-1210 (order entered June 18, 2010), affirmed, No. 10-2895, 413 F. App'x 514 (3d Cir. Jan. 27, 2011) (not precedential).

In February 2012, Brown filed the instant § 2241 petition, stating that he is "challenging my unlawful and illegal confinement," and seeking to be released "from an over-turned unconstitutional conviction and sentence." The District Court dismissed the petition, again concluding that Brown failed to demonstrate that a motion under 28 U.S.C. § 2255 would be "inadequate or ineffective" to test the legality of his detention. Brown appealed.

2

We have jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal of Brown's § 2241 petition is plenary. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Summary affirmance is proper when "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6.

A motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A petitioner can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). We agree with the District Court that Brown's situation is not the rare one rendering § 2255 inadequate or ineffective. Indeed, Brown's challenge to his allegedly "unconstitutional conviction and sentence" is properly considered under § 2255. See United States v. Eakman, 378 F.3d 294, 297 (3d

3

Cir. 2004) (explaining that a prisoner attacking the validity of his sentence must proceed under § 2255).

For the foregoing reasons, we conclude that no substantial question is presented by this appeal. <u>See</u> I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's judgment.